# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELIZABETH D'ELIA, on behalf of herself and a class, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 07 C 6042<br>)<br>) Judge John W. Darrah |
| FIRST CAPITAL, LLC; LAW OFFICE OF KEITH S. SHINDLER, LTD.; and KEITH S. SHINDLER, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Elizabeth D'Elia filed suit against First Capital, LLC ("First Capital"), Law Office of Keith S. Shindler, Ltd. ("Shindler, Ltd."), and Keith S. Shindler ("Shindler"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Presently pending before this Court is Defendants' Motion to Dismiss Plaintiff's Complaint.

## BACKGROUND

A reading of Plaintiff's Complaint supports the following summary of the alleged conduct of the parties.

First Capital, a limited liability company organized under Illinois Law, is a debt collector engaged in the business of purchasing charged-off debts allegedly owed by consumers to others and attempting to collect the debts through litigation or otherwise. Shindler is the sole manager and sole equity owner of First Capital. Shindler is also the sole officer and sole equity owner of Shindler, Ltd, a law firm organized as an Illinois professional corporation. Shindler, Ltd. has

filed over 200 lawsuits on behalf of First Capital during the year preceding the filing of this action; and in such suits, Shindler, Ltd. regularly seeks to recover contractual attorney's fees.

In July 2007 Shindler, Ltd. and Shindler filed suit on behalf of First Capital against D'Elia to collect a claimed credit card debt, which First Capital claimed to have purchased from US Bank N.A. ND. First Capital sought attorney's fees of $350.00 incurred in the collection action. Plaintiff alleges that, because Shindler is the sole owner of both Shindler, Ltd. and First Capital, First Capital does not "incur" attorney's fees when Shindler, Ltd. files a lawsuit on its behalf and, therefore, is not entitled to attorney's fees in such collection actions. By seeking fees they are not legally entitled to, and by failing to disclose the relationship between First Capital and Shindler, Ltd. to debtors and the courts, Defendants have violated the FDCPA. Plaintiff seeks statutory damages, attorney's fees, litigation expenses and costs of suit on behalf of herself, as well as the class.

## ANALYSIS

Defendants seek to dismiss D'Elia's Complaint because First Capital, and Shindler, Ltd. are separate corporate entities; and as such, First Capital was entitled to retain Shindler, Ltd. and seek recovery of attorney's fees incurred in debt collection.

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004) (*Sprint*). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct.

1955, 1964 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration in *Bell Atlantic*). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.* 496 F.3d 773, 779 (7th Cir. 2007).

The FDCPA prohibits a debt collector from making false representations of "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(B). The FDCPA also prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," for example, collecting an expense incidental to the principal obligation "unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1). To plead that First Capital's request for attorney's fees and failure to disclose its relationship with Shindler, Ltd. violated the FDCPA, Plaintiff must allege a basis for disregarding the corporate identity of First Capital.

A corporation is a legal entity that exists separately from its members for the primary purpose of shielding its shareholders from unlimited liability for actions of the corporation. *Superior Coal Co. v. Department of Finance*, 377 Ill. 282, 289 (1941). However, the corporate fiction will be disregarded where a corporation is merely the alter ego or business conduit of another person or entity or when the observance of the corporate identity would sanction a fraud or promote injustice. *Central Nat. Bank in Chicago v. Fleetwood Realty Corp.*, 110 Ill.App.3d 169, 181 (1982). Because Plaintiff has alleged facts that may form a basis for disregarding the corporate identity of First Capital, Plaintiff has stated a claim under Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint is denied.

Dated: March 19, 2008

_____
JOHN W. DARRAH
United States District Court Judge