**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ELIZABETH D'ELIA, | ) | |
| on behalf of herself and a class, | ) | 07-C-6042 |
| | ) | |
| Plaintiff, | ) | Judge Darrah |
| | ) | Magistrate Judge Cole |
| v. | ) | |
| | ) | |
| FIRST CAPITAL, LLC; | ) | |
| LAW OFFICE OF KEITH S. | ) | |
| SHINDLER, LTD., | ) | |
| and KEITH S. SHINDLER, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S *CORRECTED* MEMORANDUM IN SUPPORT OF FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**

Plaintiff, Elizabeth D'Elia ("Plaintiff"), individually and as representative of the Class of similarly situated persons, by Class Counsel, Edelman, Combs, Latturner & Goodwin, LLC, respectfully submits the following Memorandum in Support of Final Approval of the Class Action Settlement Agreement ("Agreement") which this Court preliminarily approved on September 3, 2008.

The Court is advised that on October 24, 2008, subsequent to the entry of the preliminary approval order, notice of the settlement of this action was mailed to 161 individuals identified as members of the Class. The U.S. Post Office returned 36 of the notices as "undeliverable." Of those, 11 were successfully re-mailed to a forwarding address; so that it appears that 136 notices were successfully mailed. Only one objection was received, Anthony A. Kozlowski [Exhibit A]. Further, class member Cynthia Ruiz elected to exclude herself from the class settlement. No other objections or exclusions were received at any time.

1

I. **OVERVIEW OF THE LITIGATION PRECEDING SETTLEMENT.**

The above captioned lawsuit was filed by Plaintiff in the United States District Court for the Northern District of Illinois, Eastern Division. Plaintiff alleged that Defendant First Capital, LLC, Law Office of Keith S. Shindler, LTD and Keith S. Shindler, ("Defendants") violated the Fair Debt Collection Practices Act ("FDCPA"), in connection with a collection suit filed against Plaintiff, which Plaintiff alleged Defendants sought attorneys fees that Defendants were not legally entitled to obtain. The Defendants have denied Plaintiff's allegations.

The parties were successful in reaching an agreement to settle the case on a class-wide basis. The parties' agreement was preliminarily approved by the Court on September 3, 2008. Defendants served the notice required by the Class Action Fairness Act on August 28, 2008. As demonstrated below, the parties' Agreement is now ripe for this Court's consideration and final approval.

II. **THE ADMINISTRATION OF THIS CLASS ACTION SETTLEMENT**

A. **The Preliminary Approval Order.**

On September 3, 2008 this Court entered an order granting preliminary approval of the Agreement reached between the parties. In the Preliminary Approval Order ("Order"), the Court specifically found that the proposed terms of the settlement satisfied all of the elements of Federal Rule of Civil Procedure 23(a) and 23(b)(3).

The parties stipulated to a class for purposes of the Agreement, defined as:

(a) All natural persons (b) whom had a lawsuit filed against them by SHINDLER, LTD.(c) on behalf of FIRST CAPITAL (d) in which attorneys' fees were sought (e) where said lawsuits were filed between October 25, 2006 and November 14, 2007.

The Order further established a procedural framework for the final approval of the

settlement. The Order required the parties to cause notice to be mailed to the members of the above defined Class, set deadlines and procedures for the submission of claim forms, requests for exclusion and objections to the settlement, and set a fairness hearing for December 11, 2008.

### B. The Sending of Class Notice.

Subsequent to the entry of the Preliminary Approval Order, Defendants caused notice of the settlement to be sent via U.S. Mail to the 161 individuals who were identified as members of the Class. The U.S. Post Office returned 36 of the notices as "undeliverable." Of these, 11 notices were returned and successfully re-mailed to a forwarding address.

### C. The Value of the Settlement.

The Court has previously considered the terms of the settlement in entering the Order, which are as follows:

(1) Defendants shall cease collection of attorneys' fees in debt collection cases wherein, Defendant First Capital, LLC owns the debt and has retained Keith S. Shindler, Ltd for purposes of collecting the debt, unless and until an Illinois state appellate court or any federal district court issues an opinion holding that such conduct is lawful, and is not reversed on appeal;

(2) Defendants shall return all attorneys' fees collected where the fees were not collected pursuant to a judgment;

(3) Defendants shall pay as a settlement fund $8,000.00 shall be divided on a pro rata basis to those members who do not request exclusion from the settlement. The total amount of the fund to be distributed to class members is $8,000.00. Only class members who did not exclude themselves from the settlement by December 2, 2008 will receive a check. As

only one class member elected to opt out of the settlement, each class member shall receive a check in the amount of $50.00.

    (4)  Defendants shall release Elizabeth D'Elia's debt and cease all efforts to collect it. Defendants shall not resell the debt.

    (5)  Defendants shall pay Class Counsel $12,000 in fees and costs, subject to Court approval.

    (6)  Defendants shall pay the costs of notice and settlement distribution.

    **D.**  **The Court Should Approve the Settlement Over the Objection**

Only one class member objected to the settlement, Anthony A. Kozlowski. Mr. Kozlowski's objection requests that this Court restructure the settlement to provide that Defendants will release all class members debts and cease all efforts to collect said debts. This relief is not available under the FDCPA. Section 1692k of the FDCPA provides:

> (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector;

Here, Plaintiff alleges that collection lawsuits filed by Keith Shindler on behalf of First Capital, LLC sought to collect attorneys' fees that were not authorized by law or contract. The relief that Mr. Kozlowski proposes is not provided by the FDCPA nor is it related to the claim alleged in this case.

The settlement is fair to the class. The settlement provides that the Defendants will cease collection of attorneys' fees in debt collection cases wherein First Capital, LLC owns the debt and has retained Keith S. Shindler, Ltd. for purposes of collecting the debt, unless and

4

until an Illinois state appellate court or any federal district court issues an opinion holding that such conduct is lawful and is not reversed on appeal. The settlement also provides that Defendants will return any attorneys' fees collected, that were not collected pursuant to a judgment. Finally, the settlement provides that each class members who does not request exclusion from the settlement will receive approximately $50.00.

Mr. Kozlowski objects that the settlement provides for the release of Ms. D'Elia debt, and that Defendants will cease all efforts to collect the debt and agree not to resale her debt. This relief is appropriate (1) because Ms. D'Elia's debt was a disputed debt, which she contends was previously paid in full; (2) because it was provided in lieu of payment of statutory damages of $1,000.00[1] and (3) it is in lieu of compensation for her service as class representative. The proposed settlement does not improperly grant Ms. D'Elia preferential treatment. An incentive award may be given to compensate a named plaintiff for efforts expended "or the benefit of the lawsuit." *Dornberger v. Metropolitan Life Ins. Co., 203 F.R.D. 118, 125* (S.D.N.Y. 2001) (citation omitted). Incentive awards are proper and are a common feature of class action settlements. In *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998), the court found that a $25,000 incentive award to named plaintiff appropriate as necessary to induce an individual to participate in the suit. *See In re Remeron Direct Purchaser Antitrust Litig.,* 2005 U.S. Dist. LEXIS 27013 (D. N.J. 2005).

Mr. Kozlowski further states that under the settlement the class members "sign away their rights in the Defendant's release." This is not true. The class members' are

---

[1] Contrary to Mr. Kozlowski's contentions, the settlement does not provide Ms. D'Elia $1,000 for her statutory damages.

providing Defendants with a limited release, which *does not* release class members' claims or defenses regarding (1) whether the debt is in fact owed; (2) the proper crediting of payments on any debt or (3) the proper reporting of the debt to the credit reporting bureaus. The class members' release to Defendants' does not leave them in a worse position as Mr. Kozlowski contends.

No other objections or opt-outs were filed or received by the deadline or afterwards. The minimal number of objections and exclusions should be viewed as an endorsement of the settlement by the Class. Accordingly, the Court should approve the settlement over Mr. Kozlowski's objection.

### III. THE COURT SHOULD GRANT FINAL APPROVAL TO THE SETTLEMENT.

The settlement satisfies all the requirements of Rule 23.

#### A. Rule 23(a)(1) - The Settlement Class Is So Numerous That Joinder Of All Members Is Impracticable.

As determined through the parties' informal discovery, there were 161 individuals who met the Class definition, and who were subsequently sent notice of the settlement, pursuant to the Court's order. The United States Court of Appeals for the Seventh Circuit has recognized that as few as 40 class members are sufficient to satisfy the "numerosity" requirement of Rule 23(a)(1). *Swanson v. American Consumer Industries, Inc.*, 415 F.2d 1326, 1333 (7th Cir. 1969); *see also Newberg on Class Actions*, 3rd ed. Sec. 3.05, pp. 3-25 ("The difficulty in joining as few as 40 class members should raise a presumption that joinder is impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone."). The number of class members in this case plainly satisfies the numerosity requirement of Rule 23(a)(1).

      **B.**    **Rule 23(a)(2) - The Claims Of The Settlement Class Arise From Common Questions Of Law And Fact.**

The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact. *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992). Rule 23(a)(2) requires only that the class members share at least one question of fact or law in common. *Kreuzfeld A.G. v. Carnehammer*, 138 F.R.D. 594, 599 (S.D.Fla. 1991) (the issue of commonality "turns on whether there exists at least one issue affecting all or a significant number of proposed class members").

In the present case, the claims arose from one common question: Did Defendants' collection suits which sought to collect attorneys' fees violate the FDCPA? This common question satisfies Rule 23(a)(2).

      **C.**    **Rule 23(a)(3) - Named Plaintiff's Claims are Typical Of the Claims Of The Settlement Class.**

The "typicality" requirement of Rule 23(a)(3) is satisfied for many of the same reasons that the "commonality" requirement of Rule 23(a)(3) is met. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993)("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory"); *see also Kornberg v. Carnival Cruse Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)(the typicality requirement is satisfied where the "claims or defenses of the class and the class representative arise from the same event or practice and are based upon the same legal theory").

In the present case, Plaintiff's claim arose from the same questions of law as those of Class members, namely whether or not the collection suits filed against Plaintiff and the class

7

members which sought attorneys' fees violated the FDCPA. Rule 23(a)(3) is plainly satisfied in this case.

### D. Rule 23(a)(4) - Plaintiff and Class Counsel Will Fairly And Adequately Protect The Interests Of The Settlement Class.

The determination that the "representative parties will fairly and adequately protect the interests of the class" as required by Rule 23(a)(4) involve two considerations: (1) whether the Plaintiff's attorneys are properly qualified and experienced to conduct the litigation; and (2) whether the Plaintiff has any interests antagonistic to the class. *General Tel. Co. v. Falcon*, 102 S.Ct. 2364, 2370, n.13 (1982); *Retired Chicago Policy Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993).

As set forth in Class Counsel's Declaration, attached hereto as Exhibit B, Plaintiff's counsel is experienced in class action litigation. In addition, Plaintiff has no interests in conflict with the Class. Therefore, the named Plaintiff and her counsel satisfy the adequacy of representation requirement of Rule 23(a)(4).

### E. The Settlement Class May Be Certified Pursuant to Rule 23(b)(3).

Class certification is appropriate under Rule 23(b)(3) where: (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. Both of these requirements are satisfied in the present case.

#### 1. Common questions predominate over individual issues.

In order for common questions of law or fact to predominate over individual issues for purposes of Rule 23(b)(3), common issues must constitute a significant part of the

individual cases. *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). Courts "generally focus on the liability issues in deciding whether the predominance requirement is met, and if the liability issue is common to the Class, common questions are held to predominate." *In re Alexander Grant & Co. Litigation*, 110 F.R.D. 528, 534 (S.D.Fla. 1986); *see also Dura-Built Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 89 (S.D.N.Y. 1981). In the present case, a common issue relating to the lawfulness of Defendants' collection suits seeking to collect attorneys' fees under the FDCPA predominates over individual issues, if any, as required by Rule 23(b)(3).

### 2. A Class Action is Superior to Other Methods of Resolving This Matter.

For many of the reasons set forth above, a class action is the superior method to resolve the claims presented in this action. In determining the superiority of a class action, the Court must consider the best available method of resolving the controversy in keeping with the goal of judicial economy. In reaching this determination, the Court should consider the inability of the uninformed to bring their claims and the improbability that large numbers of class members would possess the initiative to litigate individually. *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974). In *Phillips Petroleum Company v. Shutts*, 472 U.S. 797, 809, 105 S.Ct. 2965 (1985), the Supreme Court recognized that in cases where the class members' claims are too many or too small to litigate on an individual basis, the Court should certify the case as a class action under Rule 23(b)(3).

Given the large number of individual lawsuits that would be required if a class were not certified, a class action presents a superior method to fairly and efficiently adjudicate all of the claims of the class in this case, within the meaning of Rule 23(b)(3). To the extent that

any Class members wished to pursue any such individual claim, they were free to opt-out of the settlement under Rule 23(b)(3). In the present case, only one class member elected to exclude herself from the settlement.

> **F. The Standard For Granting Final Approval To The Class Action Settlement.**

In *Amchem Productions, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231 (1997), the United States Supreme Court explained that, before approving a class action settlement, the District Court must first be satisfied that the elements of Rule 23(a) and 23(b) have been met. *Id.* at 621, 117 S.Ct. at 2248.

Once the Court has determined that the requirements of Rule 23(a) and 23(b) have been met, the Court must then determine whether Rule 23(e) has been satisfied by determining whether the settlement is fair, reasonable, and adequate. *General Electric Capital Corporation v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997). The Court considers the following six factors in making this determination:

> 1. The strength of the plaintiff's case on the merits measured against the terms of the settlement;
>
> 2. The complexity, length, and expense of continued litigation;
>
> 3. The amount of opposition to the settlement among class members;
>
> 4. The presence of collusion in gaining a settlement;
>
> 5. The stage of the proceedings; and
>
> 6. The amount of discovery completed.

Id. (citing *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985)). The class action settlement in the present case satisfies each of the factors outlined in *GE Capital*.

There are risks associated with further litigation. While plaintiff believes he would have prevailed at trial on the merits, there are certain risks associated with litigation. Even if Plaintiff prevailed on the issue of whether Defendants' conduct violated the FDCPA, it is possible that Defendants would have been able to prove that their violation was a bona fide error notwithstanding procedures in place to avoid such violations.

In order to avoid the uncertainly presented by any litigation, the parties agreed to settle the dispute between them. The compromise provides each class member who does not exclude himself or herself from the settlement shall receive a pro rata share of the settlement fund. The arguable strength of the Class' claims compare favorably to the terms of the settlement, satisfying the first of the *GE Capital* factors.

In addition, the settlement is warranted by the complexity, length and expense of continued litigation, satisfying the second *GE Capital* factor. The settlement easily satisfies the third *GE Capital* factor because only one of the 161 class members elected to exclude herself from the settlement.

As evidence of the lack of any collusion, the above-described settlement amount, to Plaintiff and Class counsel compare favorably to the direct benefits to the Class, thereby satisfying the fourth *GE Capital* factor.

Finally, the fifth and sixth *GE Capital* factors also support the final approval of this settlement in light of the stage of pre-trial proceedings and the discovery completed to date. This action was brought on October 25, 2007. The parties engaged in limited informal discovery. Given the stage of proceedings and the investigation and discovery completed, the proposed settlement satisfies the fifth and sixth *GE Capital* factors.

### IV.     THE ATTORNEY'S FEES AND COSTS ARE REASONABLE

Pursuant to the Agreement, the Defendants will pay attorney's fees and costs of $12,000.  Class Counsel requests approval of the Court of attorney's fees and costs of that amount.  As set forth in the Declaration of Daniel A. Edelman (Exhibit B), Plaintiff's counsel include experienced class action attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter.

The actual time and expenses incurred by Edelman, Combs Latturner & Goodwin, LLC, as of December 9, 2008 was $21,382.00 (fees) and $1,051.17 (costs), for a total of $22,433.17 (See Appendix F to the Declaration of Daniel A. Edelman, attached as Exhibit B). Including the time spent preparing for, and appearing at, the fairness hearing plus the calls from class members, inquiring about the settlement checks, Class counsel will have incurred by the time the case is concluded fees in excess of the $12,000 Defendants agreed to pay.  Accordingly, the request for $12,000 is fair and reasonable.

### V.     CONCLUSION

For all the reasons set forth above, Plaintiff individually, and as a representative of the Class of similarly situated persons, by Class Counsel, requests this Court grant final approval of the Agreement.

                                      Respectfully submitted,

                                      s/Tiffany N. Hardy

Daniel A. Edelman (courtecl@edcombs.com, dedelman@edcombs.com)
Tiffany N. Hardy (thardy@edcombs.com)
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Tiffany N. Hardy, hereby certify that on December 9, 2008, the foregoing document was filed electronically. A copy of the foregoing document was served via the Court's ECF system on the following individuals:

David M. Schultz
dschultz@hinshawlaw.com

Jennifer W. Weller
jweller@hinshawlaw.com

s/Tiffany N. Hardy
Tiffany N. Hardy